# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 4, 2023

```
* * * * * * * * * * * * * * *
MATTHEW JIMENEZ,                *       UNPUBLISHED
                                *
        Petitioner,             *       No. 17-1190V
                                *
v.                              *       Special Master Dorsey
                                *
SECRETARY OF HEALTH             *       Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,             *
                                *
        Respondent.             *
                                *
* * * * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 5, 2017, Matthew Jimenez ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the human papillomavirus ("HPV") and hepatitis B vaccines administered on September 18, 2014, Petitioner developed juvenile rheumatoid arthritis. Petition at 1 (ECF No. 1). On April 3, 2018, Petitioner filed an amended petition clarifying that his juvenile rheumatoid arthritis was allegedly caused by the HPV and hepatitis A vaccines. Amended ("Am.") Petition at 2 (ECF No. 16).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 8, 2022, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's Application for Award of Interim Attorneys' Fees and Reimbursement of Costs ("Pet. Mot."), filed Nov. 8, 2022 (ECF No. 127). Petitioner's request can be summarized as follows:

**Fees** – $84,451.80
**Costs** – $44,804.96

Petitioner thus requests a total of $129,256.76. Respondent filed a response on November 22, 2022, stating that "[R]espondent defers to the Special Master to determine whether [P]etitioner has met the legal standard for an interim fees and costs award" and "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Nov. 22, 2022, at 2 (ECF No. 128).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $128,048.21 in attorneys' fees and costs.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Respondent does not dispute this. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the

court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### 1.    Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Richard Gage – Attorney**
    2017: $318.00
    2018: $326.00
    2019-2020: $338.00
    2021: $362.00
    2022: $393.00

**Kristen Blume – Attorney**
    2017-2018: $251.00
    2019: $338.00

2020: $350.00

**Paralegals**
        2017-2020: $120.00
        2021: $130.00
        2022: $141.00

The undersigned finds the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Schettl v. Sec'y of Health & Hum. Servs., No. 14-422V, 2022 WL 2912666, at *2 (Fed. Cl. Spec. Mstr. June 30, 2022) (awarding Mr. Gage's rates for 2017-2019 and 2021-2022, Ms. Blume's rates for 2018-2022, and the paralegals' rates for 2017-2022); Heilig v. Sec'y of Health & Hum. Servs., No. 16-140V, 2023 WL 2320346, at *4-5 (Fed. Cl. Spec. Mstr. Mar. 2, 2023) (awarding Mr. Gage's rate for 2020); Martin v. Sec'y of Health & Hum. Servs., No. 15-789V, 2020 WL 8674683, at*2-3 (Fed. Cl. Spec. Mstr. Dec. 8, 2020) (awarding Ms. Blume's rate for 2017); see also Roscoe ex rel. B.R. v. Sec'y of Health & Hum. Servs., No. 11-206V, 2021 WL 3746783, at *2 (Fed. Cl. Spec. Mstr. July 30, 2021); Ferguson v. Sec'y of Health & Hum. Servs., No. 17-1737V, 2022 WL 1467655, at *2 (Fed. Cl. Spec. Mstr. Apr. 12, 2022); Williams v. Sec'y of Health & Hum. Servs., No. 13-471V, 2023 WL 2784630, at *4 (Fed. Cl. Spec. Mstr. Apr. 5, 2023). The undersigned will award the rates requested for Mr. Gage in 2017-2019 and 2021-2022; Ms. Blume's rate for 2017-2020; and the paralegals rates for 2017-2022.

The undesigned notes that Mr. Gage requested $338.00 per hour in 2020, the same as his 2019 rate, whereas in previous cases, Mr. Gage requested and was awarded $350.00 per hour in 2020. See, e.g., Demitor v. Sec'y of Health & Hum. Servs., No. 17-564V, 2020 WL 1027955, at *4 (Fed. Cl. Spec. Mstr. Feb. 7, 2020) (first time awarding Mr. Gage's 2020 rate of $350.00 per hour); Schettl, 2022 WL 2912666, at *2; Martin, 2020 WL 8674683, at *2-3; Roscoe, 2021 WL 3746783, at *2; Ferguson, 2022 WL 1467655, at *2. Mr. Gage has once requested and was awarded $338.00 per hour for January 2020 through April 2020, then $350.00 per hour beginning June 2020 (there were no hours billed that May). Kreizenbeck v. Sec'y of Health & Hum. Servs., No. 08-209V, 2020 WL 5909091, at *3 (Fed. Cl. Spec. Mstr. Sept. 15, 2020).

The undersigned has previously awarded Mr. Gage $350.00 per hour for work performed in 2020. See Schettl, 2022 WL 2912666, at *2; Roscoe, 2021 WL 3746783, at *2; Ferguson, 2022 WL 1467655, at *2. And thus, she will do the same here. This results in an upward adjustment of $1,916.40.[3]

### 2. Reduction of Billable Hours

Petitioner's counsel provided a breakdown of the hours billed. Pet. Mot., Tabs A-G. First, the undersigned notes a discrepancy of $70.60 between paralegal S.M.'s fees listed in Tab A ($4,381.30) and Tab F ($4,451.90). Considering Tab F includes all the hours billed by S.M., the undesigned finds that total to be better substantiated than the one offered in Tab A. When using Tab F to calculate total fees, the undersigned finds an increase of $70.60 is necessary.

---

[3] ($350.00 - $338.00) x 159.7 hours = $1,916.40.

Upon reviewing the submitted breakdown of the billing entries, the undersigned finds a reduction necessary for several reasons.  First, many entries constitute block billing, and some include the noncompensable administrative task of filing.  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.").  "Clerical and secretarial tasks should not be billed at all, regardless of who performs them."  Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").  One instance of block billing including the administrative task of filing was on September 23, 2019, when a paralegal billed a single entry for "started draft objections to genetic testing.  Filed objection to gene testing."  Because this constitutes block billing, it is impossible to discern how much time was spent on "filing" verses compensable time and thus, the entire amount must be deducted.  This results in a reduction of $48.00.

Further, Mr. Gage billed one entry for "reviewed filings.  File review.  Prep for status conference.  Status conference.  Reviewed amended petition.  Reviewed client affidavit;" and one entry for "file review.  Prep for status conference.  Correspondence to Dr. Gershwin.  Medical Research on issues raise[d] by Respondent experts."[4]  Paralegals had similar entries.[5]  These entries constitute block billing, and the undersigned will deduct half of the amount billed.  This results in a reduction of $2,589.30.[6]

Next, some entries were duplicative and/or vague.  For example, on August 20, 2020, both Mr. Gage and Ms. Blume billed for the same conference with each other resulting in duplicative billing.  And on June 8, 2022, Mr. Gage doubled billed for a conference with a paralegal.  There were several entries for "office meeting" some of which were billed by multiple people resulting in duplicative billing.[7]  The undersigned will deduct half of the amount billed.  This results in a reduction of $305.75.[8]

---

[4] See entries dated April 3, 2018; July 8, 2019; see also entries dated September 12, 2019; July 30, 2021; June 2, 2022; June 8, 2022; June 9, 2022; June 13, 2022.

[5] See paralegal entries dated January 18, 2018; December 17, 2018; June 29, 2020; September 21, 2020.

[6] (($358.60 + $777.40 + $371.80 + $217.20 + $589.50 + $432.30 + $1,375.50 + $432.30) + ($60.00 + $48.00 + $36.00 + $480.00)) ÷ 2 = $2,589.30.

[7] See entries dated February 2, 2018; March 16; 2018; August 7, 2018; September 26, 2018.

[8] ($140.00 + $140.00 + $78.60 + $39.30 + $32.60 + $32.60 + $25.10 + $25.10 + $25.10 + $25.10 + $12.00 + $12.00 + $12.00 + $12.00) ÷ 2 = $305.75.  This includes the increased rate for Mr. Gage in 2020 as awarded above.

These issues are not new to Mr. Gage.  See, e.g., Schettl, 2022 WL 2912666, at *3; Roscoe, 2021 WL 3746783, at *2-3; Martin, 2020 WL 8674683, at *4.

Lastly, the undersigned warns Petitioner's counsel and staff to ensure accurate entries to avoid confusion.  For example, on January 4, 2021, a paralegal billed 5.2 hours for "continued to work on out of pockets."  Yet according to later entries the paralegal did not even begin to start on that task until 11 months later where he billed "began out of pocket cost review" on December 9, 2021, and "started review of out of pocket expenses" on December 23, 2021.  The undersigned finds this misleading and confusing how work on a task can be "continued" when it did not even begin/start until 11 months later.

### B.      Attorneys' Costs

Petitioner requests $2,100.48 for miscellaneous costs, including obtaining medical records, Fed Ex costs, research fees, the transcript fee, and the filing fee; and $1,525.20 for copies.  The undersigned finds all these costs reasonable, except documentation for the copies reflects the actual amount to be $1,522.70.  This results in a reduction of $2.50.

Petitioner requests $6,929.28 for costs from Life Care Consultants.  This includes a $2,000.00 retainer fee and 42 hours and other related expenses for work performed by Petitioner's life care planner.  Petitioner also requests $1,000.00 for a retainer fee for economist Mark McNulty.  The undersigned finds these costs reasonable and will award such.

Petitioner requests $33,250.00 for work performed by Dr. M. Eric Gershwin at a rate of $500.00 per hour.  This rate has previously been found reasonable.  See, e.g., Le v. Sec'y of Health & Hum. Servs., No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023) (awarding Dr. Gershwin a rate of $500.00 per hour).  The total amount for Dr. Gershwin includes a retainer fee, and for work done reviewing medical records, preparing expert reports and supporting medical literature, preparing for the hearing, and testifying at the hearing.

The undersigned finds some discrepancies in the documentation for Dr. Gershwin's expenses.  For example, on January 3, 2018, Dr. Gershwin invoiced $6,750.00 for 13.5 hours of work.  Pet. Mot. at 75.[9]  Subtracting the $2,500.00 retainer fee, Dr. Gershwin indicated the balance was $3,250.00.  Id.  However, the correct balance due on this invoice is $4,250.00.[10]  Thus, the undersigned finds a $1,000.00 increase appropriate.

On July 31, 2019, Dr. Gershwin sent an invoice for $6,125.00 for 12.25 hours of work reviewing Respondent's expert report and preparing a response.  Pet. Mot. at 77.  The invoice indicated only $2,500.00 was due at that time and the $2,500.00 was paid shortly thereafter.  Id. at 78.  However, Petitioner's counsel documented both the $6,125.00 and the $2,500.00 as expenses.  Id. at 61-62.  Because the $2,500.00 was paid to Dr. Gershwin as part of the July 31,

---

[9] The undersigned notes the lack of detail in this particular invoice and cautions against it.

[10] $6,750.00 - $2,500.00 = $4,250.00.

2019 bill and was not subtracted in Petitioner's counsel's total costs, the undesigned finds a reduction of $2,500.00 necessary.

And on June 11, 2022, Dr. Gershwin invoiced $4,250.00 with $3,000.00 "due upon receipt." Pet. Mot. at 90. However, only $3,000.00 was included in costs. Id. at 62. Although documentation of a check was not provided, the invoice contains a handwritten note that it was "p[ai]d" and counsel indicated $3,000.00 was "paid by check." Id. at 62, 90. Thus, it does not appear the remaining amount on this invoice was included in Petitioner's counsel's documentation of costs. The undersigned finds an increase of $1,250.00 appropriate.[11]

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorneys as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 84,451.80 |
| Reduction of Attorneys' Fees: | - ($ 956.05) |
| Awarded Attorneys' Fees: | $ 83,495.75 |
| | |
| Requested Attorneys' Costs: | $ 44,804.96 |
| Reduction of Attorneys' Fees: | - ($ 252.50) |
| Awarded Attorneys' Costs: | $ 44,552.46 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 128,048.21** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $128,048.21, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[11] $4,250.00 - $3,000.00 = $1,250.00.

[12] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.